**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROSA ARZATE,

Plaintiff,

v. No. 2:26-cv-03052-KRS

WALMART INC.,

Defendant.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER REGARDING SERVICE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Employment Discrimination, Doc. 1, filed September 14, 2026 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 14, 2026 ("Application").

This case arises from Defendant's "refusal to rehire Plaintiff after approximately 32 years of prior employment." Complaint at 7. Plaintiff, who is over 40 years of age, asserts claims for discrimination and retaliation pursuant to the Age Discrimination in Employment Act. *See* Complaint at 9 (alleging age-retirement-related comments by managers, comments concerning her long tenure, the alleged hiring of younger applicants and Defendant's continuing refusal to rehire Plaintiff after she opposed the alleged age discrimination).

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $500.00 (ii) Plaintiff's income amount expected next month is $500.00; (iii) Plaintiff has no cash and no funds in a bank account; and (iv) Plaintiff's minor niece relies on Plaintiff for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of this proceeding and because of Plaintiff's low monthly income.

**Order Regarding Service**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in*

*forma pauperis*]”). 28 U.S.C. § 1915(d). Because Plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court orders the Clerk of the Court to notify Defendant, at the address provided by Plaintiff in her Complaint, that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d). *See* Complaint at 7 (identifying Plaintiff’s former workplace as Walmart Store 0549, 3800 N. Lovington Hwy, Hobbs, NM 88240).

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant’s responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the “Local Rules”).

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court’s website: *http://www.nmd.uscourts.gov*.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) (“If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action”); *Gustafson v. Luke*, 696 Fed. Appx. 352, 354 (10th Cir. 2017) (“Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.”) (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, **Doc. 2**, filed September 14, 2026, is **GRANTED.**

2. The Clerk of the Court shall notify Defendant that an action has been commenced and request that Defendant waive service pursuant to Fed. R. Civ. P. 4(d). The notice shall include

a copy of this Order, a waiver of service form, and a copy of Plaintiff's Complaint, Doc. 1, filed September 14, 2026. The Clerk shall mail the notice, waiver of service form, a copy of this Order and a copy of the Complaint to Defendant at the following address:

Walmart Store 0549
3800 N. Lovington Hwy
Hobbs, NM 88240

If the docket shows that Defendant has not returned the waiver **within 45 days** after mailing of the notice, waiver form, and copy of the Complaint, then Plaintiff must file a motion requesting that officers of the Court serve a summons and copy of the Complaint on Defendant.

IT IS SO ORDERED this 18th day of September, 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE